**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

JOSE ANGEL AVILA MUNOZ,                 )
                                        )
    Petitioner,                         )
                                        )
v.                                      )  **Case No. CIV-25-1190-G**
                                        )
RUSSELL HOLT et al.,                    )
                                        )
    Respondents.[1]                    )

## ORDER

On October 10, 2025, Petitioner Jose Angel Avila Munoz, appearing through counsel, filed a Petition for Writ of Habeas Corpus (Doc. No. 1), challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review. Certain Respondents[2] filed an Answer (Doc. No. 8), and Petitioner filed a Reply (Doc. No. 11).

On November 10, 2025, Judge Mitchell issued a Report and Recommendation ("R. & R.," Doc. No. 10), in which she recommended that the Petition be granted in part, with Respondents ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. §

---

[1] Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, Acting Attorney General of the United States Todd Blanche, and Cimarron Correctional Facility Warden Chris Gantt are hereby substituted as respondents for Kristi Noem, Pamela Bondi, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Respondent Gantt has not appeared in this action. The appearing Respondents are: Russell Holt, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, ICE; Secretary Mullin; and Acting U.S. Attorney General Blanche.

1226(a) within five business days or otherwise release Petitioner.  Respondents filed an Objection (Doc. No. 12) to the R. & R., to which Petitioner responded (Doc. No. 14).

Because Respondents objected to the R. & R., the Court must make a de novo determination of the portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the recommendation in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted this de novo review, the Court finds as follows.

### I.     Background

The factual background is set forth in the R. & R. and not contested by either party. Petitioner is a noncitizen who has resided in the United States since "at least 2004."  R. & R. at 1, 2.[3]  Petitioner lives in Oklahoma City and is married to a U.S. citizen.  *Id.* at 2.  ICE took custody of Petitioner on July 14, 2025, and Petitioner is now detained at the Cimarron Correctional Facility in Cushing, Oklahoma.  *Id.*; Pet. ¶ 41.

On September 12, 2025, Petitioner was charged in Immigration Court with being subject to removal as a noncitizen present in the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  R. & R. at 2; Answer Ex. 1, Castillo Decl. ¶ 7 (Doc. No. 8-1).  Petitioner alleges that he requested a bond hearing before the Immigration Judge.  *See* Pet. ¶ 45.  Petitioner's request was denied by the Immigration Judge pursuant to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the

---

[3] Both the R. & R. and this Order use "noncitizen" as an equivalent term to "alien."

Board of Immigration Appeals held that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing.  *See id.* at 228-29; *see also* Pet. ¶¶ 29-30, 44-46; R. & R. at 2-3.[4]

Petitioner argues that his ongoing detention without a bond hearing violates the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment.  *See* Pet. ¶¶ 47-53.

II.     *The Report and Recommendation*

A.  *Whether the Court Has Jurisdiction over the INA Claim*

In the R. & R., Judge Mitchell concluded that the Court has jurisdiction over this matter because Petitioner's challenge "falls outside the narrow jurisdictional limitations" of 8 U.S.C. § 1252(g).  R. & R. at 4-8.

"Section 1252(g) strips courts of jurisdiction 'to hear any cause or claim by or on behalf of any noncitizen arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any noncitizen under this chapter.'" *Jimenez Chacon v. Lyons*, 811 F. Supp. 3d 1299, 1305 (D.N.M. 2025) (alterations omitted) (quoting 8 U.S.C. § 1252(g)).  The statute, however, does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." *Jennings*, 583 U.S. at 294.  The Supreme Court has instructed that §

---

[4] *In re Yajure Hurtado* is not binding on this Court.  *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

1252(g) instead "refer[s] to just those three specific actions themselves." *Id.* And in addressing the term "arising from" in a related statutory provision, the Tenth Circuit explained: "A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings." *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023) (discussing 8 U.S.C. § 1252(b)(9)).

Respondents object that the R. & R. incorrectly applied 8 U.S.C. § 1252(g). *See* Resp'ts' Obj. at 1. Respondents argue that § 1252(g) bars jurisdiction over Petitioner's INA claim because Petitioner challenges the "application of § 1225(b)(2)(A)," which "is an integral part of DHS's discretionary choice to commence proceedings and seek the deportation." *Id.* at 2. Petitioner responds that his claim does not implicate any of the three enumerated actions of § 1252(g) because he seeks only a determination that his "detention is unlawful" due to the denial of a bond hearing. Pet'r's Resp. at 2.

The undersigned agrees with Petitioner. Petitioner "does not ask the Court to second-guess Respondents' discretionary decision to commence removal proceedings against him." *Aguilar v. Bondi*, No. 25-cv-00996, 2026 WL 84520, at *3 n.2 (D.N.M. Jan. 12, 2026). Rather, Petitioner argues that his "detention [under 8 U.S.C. § 1225(b)(2)(A)] violates the plain language of the Immigration and Nationality Act." Pet. ¶¶ 5, 47-49. Petitioner thus challenges one of the "many other decisions or actions that may be part of the deportation process"—to which § 1252(g) is inapplicable. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 486 (1999) ("It is implausible that [§ 1252(g)'s] mention of three discrete events along the road to deportation [is] a shorthand way of referring to all claims arising from deportation proceedings."). Section 1252(g)'s

protection of the Executive's prerogative as to the three enumerated actions does not bar judicial review of whether Respondents have complied with the applicable regulations in effecting the detention of Petitioner. *See Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026).

Respondents also argue that 8 U.S.C. § 1226(e) precludes the Court's review of the Government's discretionary determinations under § 1226. *See* Resp'ts' Obj. at 2. That provision states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). "But § 1226(e) does not preclude habeas jurisdiction over constitutional claims or questions of law," such as Petitioner's habeas claim here. *Hernandez Casallas*, 2026 WL 324646, at *2 (internal quotation marks omitted); *accord F.-G. v. Noem*, No. 25-CV-0243, 2025 WL 1669356, at *5 (N.D. Okla. June 12, 2025) ("[F]ederal courts retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees who either challenge their detention as unconstitutional or raise questions of law regarding the extent of the government's authority to detain them.").

Because neither § 1252(g) nor § 1226(e) prevents the Court from exercising jurisdiction over Petitioner's habeas claim, Respondents' objection is overruled.

### B. Whether Petitioner Is Detained Under § 1225 or § 1226

Judge Mitchell next concluded that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 8-15. Specifically, Judge Mitchell reasoned that,

5

although Petitioner "technically" may be "an applicant for admission," Petitioner is not "seeking admission" pursuant to § 1225(b)(2)(A). *Id.* Accordingly, Petitioner is not subject to mandatory detention under that statute and is instead "entitled to an individualized bond hearing as a detainee under § 1226(a)." *Id.* at 14 (alteration and internal quotation marks omitted).[5]

Respondents object, arguing that any noncitizen who has not been admitted is "'deemed'" an "'applicant for admission'" who is "seeking admission" under § 1225(b)(2)(A) and therefore subject to § 1225 rather than § 1226(a). Resp'ts' Obj. at 5-6 (quoting 8 U.S.C. § 1225(a)(1)). Respondents further argue that the R. & R.'s interpretation of § 1225(b)(2)(A) "contravenes congressional intent." *Id.* at 9.

On June 30, 2026, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

---

[5] Based upon this determination, the Magistrate Judge did not reach Petitioner's Fifth Amendment due process claim. *See* R. & R. at 15; Pet. ¶¶ 50-53.

Respondents' objection is foreclosed by *Santillan Quiroz*.  Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country.  *See* Pet. ¶¶ 40-41; *Santillan Quiroz*, 180 F.4th at 1233.  And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; Pet. ¶¶ 5, 15, 44-46.  Accordingly, § 1225(b)(2)(A) is inapplicable.  *See Santillan Quiroz*, 180 F.4th at 1246-51.[6]  Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing.  *Id.* at 1251 n.13.[7]

### III.    Petitioner's Request for Fees and Costs

Petitioner requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  *See* Pet. at 14.  The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152,

---

[6] Respondents also object that Petitioner is "seeking admission" and subject to mandatory detention under § 1225(b)(2)(A) because Petitioner has filed a 42B application for cancellation of his removal.  *See* Resp'ts' Obj. at 8 & n.2; Answer Ex. 2, Pet'r's 42B Appl. (Doc. No. 8-2); *see also* 8 U.S.C. § 1229b.  Petitioner argues that requesting cancellation of removal is a defense to the removal rather than an attempt at lawful admission into the country.  *See* Pet'r's Reply at 7.  Petitioner's application was filed in October 2025, more than 20 years after he entered the country.  *See* Pet'r's 42B Appl. at 2, 3.  Because § 1225(b)(2)(A) applies only to individuals "seeking admission" at the border, the Court overrules this objection.  *See Santillan Quiroz*, 180 F.4th at 1238 ("[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States. . . . A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered.").

[7] Based upon this determination, the undersigned does not reach Petitioner's Fifth Amendment due process claim.

7

1166 (10th Cir. 2025).  Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however.  *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2.

Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 10) is ADOPTED in its entirety.

It is therefore ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon violation of the INA.

2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

3. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 30th day of July, 2026.

CHARLES B. GOODWIN
United States District Judge

8